**DUO–BED CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 7695.**

United States Court of Appeals
Tenth Circuit.

Oct. 22, 1964.

---

1. See Brennan v. United States Gypsum Company, 10 Cir., 330 F.2d 728, 729, and cases cited in footnote 5.

Gerrit H. Wormhoudt, Wichita, Kan. (Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Philip Kassebaum, John E. Rees and Robert T. Cornwell, and Hugo T. Wedell, Wichita, Kan., of counsel, on the brief), for petitioner.

Harold Shore, Washington, D. C. (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Melvin Pollack, Washington, D. C., on the brief), for respondent.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Petitioner seeks review of an order of the National Labor Relations Board requiring it to take designated remedial action for violations of section 8(a) (1) of the National Labor Relations Act, 29 U.S.C. § 151 et seq. Petitioner asserts that it is aggrieved by the Board order because it was denied a fair hearing through the repeated errors and gross prejudice of the trial examiner and because there is no substantial evidence to support the critical findings that petitioner engaged in coercive questioning of its employees regarding protected activities and that petitioner discharged employee Betty R. Dickerson for requesting a wage increase for herself and her fellow employees. The Board, by cross-petition, seeks enforcement of its order.

Although petitioner has accurately pointed out some discrepancy between the trial examiner's recital of the evidence and the actual testimony, we find nothing in our review of the record as a whole that indicates abuse of the administrative process through either error or prejudice. The report of the trial examiner contains a careful consideration of petitioner's contentions and a rejection of them for stated reasons, which, though undoubtedly unsatisfactory to petitioner, do not indicate the eager attitude of prejudice.

The ultimate findings of the Board concerning violations are supported by the record. Petitioner's supervisor interrogated several employees concerning the circulation of a petition for a wage increase in an attempt to learn who was leading the movement and who had signed the petition, and cautioned the employees that such activity was "no way to get a raise." The employee, Dickerson, author of the petition, was discharged in midday and, although she was a dissident and annoying employee, the evidence is susceptible of the inference that she was discharged for her activity in regard to the petition. Since the province of drawing permissible inferences lies with the Board, our inquiry ends there. N. L. R. B. v. Bear Brand Roofing, Inc., 10 Cir., 312 F.2d 616, 618.

The order of the Board is not unduly broad and will be enforced.